**ESTATE of Martin KUNTZ, Sr., Deceased, Isabelle M. Kuntz, Executrix, and Isabelle M. Kuntz, Individually, Surviving Wife, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 14584.**

United States Court of Appeals
Sixth Circuit.

April 4, 1962.

John O. Henry, Dayton, Ohio, for petitioners. John O. Henry, Harry L. Lawner, Estabrook, Finn & McKee, Dayton, Ohio, on the brief.

Gilbert E. Andrews, Attorney Dept. of Justice, Washington, D. C., for respondent. Louis F. Oberdorfer, Lee A. Jackson, Harry Baum, Gilbert E. Andrews, Tax Division, Department of Justice, Washington, D. C., on the brief.

Before O'SULLIVAN, Circuit Judge, and DARR and THORNTON, District Judges.

THORNTON, District Judge.

The only question on this review of the decision of the Tax Court is whether the one *determinative* finding of fact by the Tax Court is "clearly erroneous." All the findings of fact contained in the Memorandum Decision of the Tax Court are findings of fact based on undisputed or conceded facts. None, save the determinative one above adverted to, constitutes the resolution of any factual issue. In ascertaining what standard is to be applied for the purpose of "clearly er-

roneous" we are not without definitive guidance. Section 7482 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7482 provides that "The United States Courts of Appeals shall have exclusive jurisdiction to review the decisions of the Tax Court, * * *, in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." Rule 52(a) F.R.Civ.P., 28 U.S.C.A. provides that the findings of fact by a district court in a non-jury case "shall not be set aside unless clearly erroneous." In Commissioner v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960) the Supreme Court has explicitly negatived the possibility that the findings of the Tax Court are of any different weight. In Duberstein, at page 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218, the Court reiterates what it said 12 years earlier in United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746—" 'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and' firm conviction that a mistake has been committed.' " Duberstein, at page 291, 80 S.Ct. at page 1200, 4 L.Ed.2d 1218, reiterates, also from Gypsum, that the "rule itself applies * * * to factual inferences from undisputed basic facts, id., [333 U.S.] at 394 [68 S.Ct. at 541], as will on many occasions be presented in this area."

The only issue presented to the Tax Court for determination was whether the payment to Mrs. Kuntz of $42,000 by her deceased husband's employer was taxable income. The Commissioner of Internal Revenue determined that it was, and assessed an income tax deficiency in the amount of $13,189.11 for the year in question—1955. The position of petitioners is that the payment constituted a gift within the meaning of section 102 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 102 and therefore does not constitute taxable income.

The factual background here is simple. Martin Kuntz died January 3, 1955 having devoted his entire working life of 42 years to the Peter Kuntz Company. His salary had been $42,000 annually from 1951. He had been president of the company from 1954. On January 7, 1955 (four days after his death) the board of directors at a special meeting passed the following resolution:

"WHEREAS, Martin C. Kuntz, Sr., our beloved brother, who died January 3, 1955, had completed 42 years of faithful service to The Peter Kuntz Company, and

"WHEREAS, Martin C. Kuntz, Sr. as President of this company from August 5, 1954 until his death, and prior thereto as executive Vice-President and Secretary, did direct the affairs of the company in a highly successful manner,

"BE IT RESOLVED, That the Directors of the company hereby record their deep appreciation for the many contributions of Martin C. Kuntz, Sr., his loyalty, boundless energy, untiring efforts, excellent judgment and splendid leadership.

"It was moved by Elizabeth K. Wickham, seconded by John J. Kuntz, and upon vote unanimously passed, that because of Martin C. Kuntz, Sr.'s service of Forty-Two (42) Years to The Peter Kuntz Co., in an executive capacity, as outlined in the above Resolution, and because during this entire period until his death he devoted all of his time, skill and knowledge to the welfare of this corporation; it is to the best interests, and benefit of the corporation to pay to Isabelle M. Kuntz, the widow of Martin C. Kuntz, Sr., Deceased, the sum of $42,000.00 which was the amount of his yearly salary for 1954, payable in twenty-four semi-monthly installments beginning January 15, 1955. This payment is made as additional compensation and in consideration of services heretofore rendered to this corporation by the late Martin C. Kuntz., Sr. as hereinbefore stated."

A second resolution for the payment of $5,000 to the widow was also passed at this time, but since it is not relevant to this discussion it will not be referred to again.

It is perfectly clear that the $42,000 resolution states that payment is made "as additional compensation and in consideration of services heretofore rendered to this corporation by the late Martin C. Kuntz, Sr." The question is: Does this characterization *control* as to the true nature of the payment? Testimony was taken before the Tax Court from four witnesses. Two were directors of the corporation. They stated unequivocally that the intention had been to make a gift. A third witness was the controller of the company. His testimony was barren of any information that was illuminating as to gift versus compensation. The widow also testified. Her testimony indicated that she was unaware of the resolution until after it was passed. She gave no illuminating testimony as to the gift versus compensation aspect other than to say she was not and never had been employed by the company had never performed any services for it, and at the time of her husband's death she owned no stock in the company.

On these facts the Tax Court found in the only determinative paragraph of its findings that the $42,000 was paid "for the reason and purposes set forth in the resolution of the board of directors of the corporation authorizing such payment, and was not a gift within the meaning of section 102 of the Code of 1954." The Tax Court in its Memorandum Decision does not expressly state that the language of the resolution controls its decision. However, there is nothing present in the record other than this language to provide the basis for such a determination. The Tax Court refers to the Reed case (Reed v. United States, D.C., 177 F.Supp. 205, aff'd 277 F.2d 456, 6 Cir., 1960) as being factually different. The only relevant factual difference is to be found in the presence in Reed of a statement of the purpose of

the payment as being "a material expression of sympathy, generosity and kindness to the widow of a deceased officer and employee," which is not present in the instant case, and the presence in the instant case of a statement of purpose as being compensatory, which is not present in Reed. It is this difference upon which the Tax Court relied in distinguishing between Reed and the instant case. In all other pertinent respects the facts are practically identical. In Reed, this Court affirmed the determination of the Tax Court that the payment was a gift and not taxable income. The Tenth Circuit Court of Appeals, on November 1, 1960, just three weeks prior to the Memorandum Decision of the Tax Court in the instant case, rendered an opinion affirming on facts almost identical to those in the instant case the determination of the trial court that the payment to the widow was a gift. The resolution there stated the purpose as being "in recognition of the services rendered by her husband, A. W. Ainsworth, to this corporation." United States v. Kasynski, 284 F.2d 143, 144, 10 Cir., 1960.

██ The case before us for review presents no basic factual dispute. The dispute arises from the factual inferences to be drawn from the particular language employed characterizing the nature of the payment. The fact that a transaction is stated to be a particular type of transaction does not necessarily mean that it is that type. In Duberstein, supra, the parties to the transfer both stated it to be a gift. The Supreme Court held otherwise. The classic instance, of course, is where the transfer of title to real estate has been held by the courts again and again to be a mortgage and not a conveyance of ownership to the land despite the strongest kind of language employed in the deed of transfer. There are probably few courts in the land which have not been called upon to determine whether an instrument entitled "conditional sale" is not actually a chattel mortgage. There is no reluctance on the part of the courts to declare a transaction to be what it

essentially is regardless of how the parties have denominated it.

We hereby adopt the reasoning and rationale of the Kasynski case (284 F.2d 143, 10 Cir., 1960) in relation to the merits of the instant case. In that opinion the court found that the finding of the lower court—that the intent of the transferor was to make a gift—was a reasonable inference from the "factual pattern" there present. We here hold that such a finding is the only reasonable inference from the "factual pattern" here present, and that the contrary factual finding by the Tax Court leaves us with "the definite and firm conviction that a mistake has been committed." In addition to the uncontradicted and unimpeached testimony of the two directors that a gift was intended there exist certain realistic aspects. Clearly, the widow herself was not being compensated. Clearly, the corporation anticipated no economic benefit as a result of the payment. Quite different is the situation in Duberstein (363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218, 1960) where the taxpayer himself rendered services for which he was not compensated, and where the transferor was not only obligated in a moral and economic sense but where he might well be anticipating receiving further such services. We have none of that here. Nor is there a shade of indication that the deceased officer and employee was not fully compensated for all services rendered by him to the transferor corporation. His salary was $42,000 a year and had been that for four years immediately preceding his death. In Duberstein (363 U.S. 278, 292, 80 S.Ct. 1190, 4 L.Ed.2d 1218) the Supreme Court said that the conclusion of the Tax Court "appears based in the sort of informed experience with human affairs that fact-finding tribunals should bring to this task." While we are admonished not to substitute our judgment for that of the trial court, we are convinced and persuaded that "informed experience with human affairs" not only dictates but compels the

conclusion that the Tax Court erred and committed a mistake in its finding and conclusion that compensation was the dominant reason for the transfer rather than sympathy, generosity and kindness to the widow of an officer and an employee of 42 years, who had devoted all of his working life to the success and prosperity of the company. As we have previously set forth, the *only* indicia of compensatory motivation is the one statement in the resolution. Concerning the inclusion of this self-serving statement, the witness William Kuntz, one of the two directors who testified at the Tax Court proceeding, was asked on cross-examination why the language in the resolution stated that the payment was made as additional compensation. His answer was as follows: "Why that exact wording was used, I do not recall. It is one of those things that you write up your resolution, and sort of think that you have it in writing the way you are thinking that it should be." Edward Kuntz, the other director who testified was asked a similar question on cross-examination. His answer was that "[I]t was just a matter of expressing the gift that was given' to Mrs. Martin Kuntz." Both of these answers negative the intention of compensation as do the facts that (1) the deceased was fully compensated during his lifetime for the services rendered by him to the corporation; (2) his widow never performed any services for the corporation, nor was there any agreement or plan that she ever would; and (3) that within four days of the death of Mr. Martin Kuntz the directors met for the purpose of passing the resolution that would provide Mrs. Martin Kuntz with the assurance of economic security for the immediate future. This latter surely spells out motivation by kindness and sympathy rather than by considerations of compensation.

Since the Court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed," the decision of the Tax Court is reversed.