**Elsie F. GREENTREE, Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 9516.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 9, 1964.

Decided Nov. 19, 1964.

Wayne G. Barnett, Attorney, Department of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Attorney, Department of Justice, Claude V. Spratley, Jr., U. S. Atty., and Samuel W. Phillips, Asst. U. S. Atty., on brief), for appellant.

Robert A. Cox, Jr., Richmond, Va. (Le-Roy R. Cohen, Jr., and Cohen, Cox & Kelly, Richmond, Va., on brief), for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and THOMSEN, District Judge.

THOMSEN, District Judge.

The government appeals from an adverse judgment after a non-jury trial in an action brought under 28 U.S.C.A. § 1346(a) (1) to recover income taxes paid pursuant to a deficiency assessment. The appeal presents the question how payments made by a corporation over a period of four years to the widow of its deceased president should be treated in her returns: whether as non-taxable gifts, as taxable income to her in the nature of compensation, or as dividends on the stock of the corporation, of which 16% was owned by her and 84% by her two sons.

The district judge found that the payments were made because of the affection, respect and admiration of the sons for their mother and their affectionate memory of their father, "in recognition of his long service to the business", and "to lessen the impact of the reduced income that the taxpayer would have available for her living expenses" as a result of the death of her husband. The judge found that the corporation had no moral or legal duty to make the payments and that economic benefit to the corporation was not anticipated. Finally, the judge concluded that the payments should be treated as gifts to the taxpayer by the corporation within the meaning of sec. 102(a), I.R.C.1954, 26 U.S.C.A. § 102(a), and should not be treated as gross income under sec. 61 nor as dividends within the meaning of sec. 316.

We cannot say that the district judge's findings of the basic facts or of the reasons for the payments were clearly erroneous.

His decision that the reasons for the payments were such as to require that they be treated as gifts is supported by the authorities. Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); Poyner v. Commissioner, 4 Cir., 301 F.2d 287 (1962); Carson v. United States, Ct.Cl., 317 F.2d 370 (1963); Gaugler v. United States, 2 Cir., 312 F.2d 681 (1963); Smith v. Commissioner, 3 Cir., 305 F.2d 778 (1962); Kuntz' Estate v. Commissioner, 6 Cir., 300 F.2d 849, 95 A.L.R.2d 515 (1962); United States v. Frankel, 8 Cir., 302 F.2d 666 (1962); Olsen's Estate v. Commissioner, 8 Cir., 302 F.2d 671 (1962). See also Corasaniti v. United States, D.Md., 212 F.Supp. 229 (1962); Froehlinger v. United States, D.Md., 217 F.Supp. 13 (1963), aff'd 4 Cir., 331 F.2d 849 (1963). Cf. Lengsfield v. Commissioner, 5 Cir., 241 F.2d 508 (1957). The government has invited us to "pioneer" and to develop a new, simpler test. However appealing that invitation may be, we cannot accept, in view of the opinion of the Supreme Court in Duberstein, and its interpretation in the cases cited above. The invitation should be addressed to the Congress.

Affirmed.