Lee O. SPEAR, Mrs. Lee O. Spear, Surviving Spouse of Wallace Spear, Deceased, Plaintiffs,

v.

Richard VINAL, District Director of Internal Revenue, Defendant.

Civ. No. 01468.

United States District Court
D. Nebraska.

April 5, 1965.

Russell C. Anderson, Omaha, Neb., for plaintiffs.

Howard N. Singer, Dept. of Justice, Washington, D. C., and Russell J. Blumenthal, Asst. U. S. Atty., Omaha, Neb., for defendant.

ROBINSON, Chief Judge.

This is an action instituted by Mrs. Lee O. Spear, a resident of the State of Nebraska, to recover income taxes in the amount of $2,174.27 which allegedly were erroneously paid to and collected by Richard P. Vinal, District Director of Internal Revenue. Jurisdiction exists in this Court by reason of 28 U.S.C.A. § 1340.

The facts in this case are relatively simple and have been submitted on stipulation and two depositions. The taxpayer is the widow of Wallace E. Spear, who was employed by the First National Bank of Omaha on and from December 1, 1929, until the date of his death, January 11, 1959. He was a member of what has been termed a "hard case" of employees that helped the bank through the troubled years of the Great Depression and was a valuable and respected officer and board member. Upon his death, the Board of Directors at the bank, following what had become an established policy, voted to pay one year's salary [$21,000.00] to his widow, the present plaintiff.

The taxpayer has never performed any services for the bank, other than what might be expected in a public relations fashion of the wife of an officer. At her request, the bank agreed to pay the $21,000 over a period of three years, $8,000 being paid in 1959 and 1960, $5,000 being paid in 1961. The amounts paid were treated as salary expense and were deducted as such by the bank, although no withholding tax was taken therefrom.

The present suit is to recover an alleged overpayment of income taxes in 1959. In that year, as mentioned above, the taxpayer received $8,000 from the bank. Pursuant to § 101[b] of the In-

ternal Revenue Code of 1954, $5,000 was excluded from this amount and $3,000 was included in gross income. There is no dispute that the $5,000 exclusion was proper. The taxpayer's brief indicates that $12,000 was paid in 1959, but the evidence is clear that $8,000 was the amount actually paid in 1959.

Estimated tax had been remitted to the defendant in the amount of $5,000 for 1959, and in addition $220.58 was withheld from wages. The tax owed by the taxpayer at that time was only $4,472.80 and she requested that the excess be applied to her taxes for 1960.

On June 13, 1960, an amended income tax return for 1959 was filed. This return did not include the $3,000 not covered by the $5,000 exclusion which was the remaining part of the $8,000 payment made to her by the First National Bank. It is her claim that any amounts paid to her by the bank are gifts and should therefore not be subject to tax pursuant to § 102 of the Internal Revenue Code of 1954.

§ 102[a] reads as follows:

"[a] General Rule—Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance."

The sole question to be resolved in this case is whether or not the payments made to the taxpayer by the husband's employer were gifts. If they are, the tax was erroneously paid and the taxpayer is entitled to a refund. If they are not, the defendant will prevail in this case.

■■■■ The leading opinion in the area of gifts seems to be Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218. That case indicated that no specific rules or guidelines can or should be set down, but "[d]ecision of the issue presented in these cases must be based ultimately on the application of the fact-finding tribunal's experience with the mainsprings of human conduct to the totality of the facts of each case." Of course, the intentions of the parties, especially

the donor, are of prime importance. (our change at this time) Bogardus v. Commissioner of Internal Revenue, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32. It is also important to note that some objective inquiry must be made into the circumstances of each case to determine what the actual intentions of the parties were.

The many courts which have passed on this exact question have been influenced by a number of different factors in arriving at their conclusions. It seems that the "mainsprings of human conduct" have been experienced in a variety of ways by the courts who have applied the rules. We shall discuss some of these guidelines found important in other cases and compare them to the case presently before us.

Many courts have looked to the existence of a policy, plan, or custom of making payment to widows of employees. Quite often the reason for doing so is that if the employer has a legal or moral obligation to pay the money and will receive a benefit through better employee relationships, the payment will not be considered a gift and will be taxable income. Simpson v. United States, 261 F.2d 497 [C.A.7, 1958]. In the present case, the evidence tends to show a custom of making payments to widows of employees, but not what would technically be termed a plan. Payments had been made to widows in the past, however, and it is safe to assume that the decedent expected that his widow might receive some payment. While there was no organized plan of payment followed by the bank, we do believe that enough of a custom had developed so that this becomes a factor for our consideration in this case.

Some courts have taken into account the fact that the employee had been fully compensated for his services before death. If he was, the argument is made that there was no obligation by the employer to make any further payment and if payment is made, it should be determined to be a gift. Bounds v. United

States, 262 F.2d 876 [C.A.4, 1958]. The Government argues strongly here that the decedent was never fully repaid for his outstanding service during the depression years, so that he was not fully compensated for his services. While there is probably a good deal of truth in that position, we are inclined to say however, that the decedent had been fully compensated for his services.

The taxpayer here never performed any services for the bank, and that question has also been considered by a number of the courts. Estate of Kuntz v. Commissioner, 300 F.2d 849, 95 A.L.R. 2d 515, [C.A.6, 1962]. It is thought that payments should not be taken as income if no services were rendered by the donee. This argument seems to be a little wide of the mark in our opinion. In almost every widow case, the widow will not have performed any work for the employer. If this factor were determinative, there would be no choice in almost every case but to term the transaction as a gift. In any case, the payments are normally made because of the death of the husband. It seems that the decedent's relationship with his employer and the employee's thoughts of compensating the widow because of the employee's services should be a more determinative factor.

Benefits accruing to the payor from the payment have also been considered by the courts. Even such benefits as improved employee relations or inducement of employees to continue in their present jobs may be included in this category. Gaugler v. United States, 312 F.2d 681 [C.A. 2nd, 1963]. On deposition, one of the bank's officers discussed the higher "esprit de corps" among employees which resulted at least partially from such payments as the one made to the taxpayer here. He went so far as to say that he could see no other reason for making the payment. Clearly, then the bank has recognized some benefit from the payments made to widows of employees.

The measure of payment here was the deceased officer's salary for one year. Some courts have dealt with this issue and found that payment in the same amount as the salary of the decedent is a strong indication that no gift was intended, but compensation for past services. Cronheim's Estate v. Commissioner of Internal Revenue, 323 F.2d 706 [C.A. 8th, 1963]. Continuation of the salary, designating it as such, tends to show compensation for services well done rather than a gift to the widow.

The employer's regard for the financial condition of the widow has been a factor in the decision of other courts. If no heed was paid to the needs of the widow, this has been a factor in determining that the payment was not a gift, but taxable as income. Smith v. Commissioner of Internal Revenue, 305 F.2d 778 [C.A.3rd, 1962], cert. den. 371 U.S. 904, 83 S.Ct. 208, 9 L.Ed.2d 165. In the present case, not only were the widow's financial needs not investigated before the decision to make the payment, but the record shows that the officers of the bank considered the taxpayer to be at least moderately well off. Thus it is fair to infer that charity because of the financial needs of the widow was not at all central to the decision by the bank to make the payment.

A strong indication of the payor's intention arises from the treatment given the transaction on the payor's books. In this case, the bank treated the payment as a salary expense and deducted it as such on its income tax returns. This is no indication of a gift. At least in its treatment of the payment on the books of the bank, the bank has shown that it considered the payment to be additional compensation to the deceased employee by means of a salary continuation to his widow. As the court in Simpson v. United States, supra, said 261 F.2d at page 501:

"No one contends that donor has a right to deduct the amount of the value of a gift when reporting to the government for income tax purposes and such is not the law. Moreover the payments on the corporation's books were entered into an account known as 'Special Salaries'. It does

violence to language to say that one who intends to make a gift enters the transaction on his books as a salary paid."

■ Upon consideration of these factors and noting the manner in which they fall into the factual pattern, we must find that the payments made here were not a gift and are taxable income.

Although the taxpayer has performed no services for the employer and her husband was apparently fully compensated before his death [notwithstanding the Government's strong argument to the contrary], the other factors in this situation compel us to the finding we have made. There was a custom of making such payments to widows of deceased employees, and this of course placed at least a moral obligation on the bank in regard to the payments. No consideration was given to any possible financial need of the widow since she was apparently well taken care of. The bank treated the payment, both in terminology and on their books, as a salary to be deducted as a business expense. Benefits accrued to the bank in the form of better employee relations, and the mode or measure of payment was the salary which was being paid to the decedent before his death.

Many of these factors standing alone are not determinative of this matter. The factor which impresses us the most is the treatment given to the transaction on the books of the bank. However, that may be, we believe it is clear that the factual pattern here denotes not a gift but a payment of taxable income by the bank. As mentioned above, this type of case must be decided on a case by case basis, using the experience at hand of the trial judge in balancing the competing factors which present themselves. Olsen's Estate v. Commissioner of Internal Revenue, 302 F.2d 671 [C.A. 8, 1962], cert. den. 371 U.S. 903, 83 S.Ct. 208, 9 L.Ed.2d 165. We think the facts here would not support the finding that the payment was a gift.

The foregoing shall constitute findings of fact and conclusions of law under Rule 52[a] of the Federal Rules of Civil Procedure. The relief requested by the taxpayer shall be and it hereby is denied.

It is ordered that the above-captioned cause of action be dismissed.