**Elizabeth M. FALK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 67–571.**

United States District Court
C. D. California.

Dec. 21, 1967.

Lillian Worthing Wyshak, Wyshak & Wyshak, Los Angeles, Cal., for plaintiff.

Wm. Matthew Byrne, Jr., U. S. Atty., Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Division, Richard L. Fishman, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

## DECISION, FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR REFUND OF INCOME TAXES OVERPAID

HAUK, District Judge.

Complaint against the United States to recover federal income taxes paid by the widow of a corporate officer upon certain payments totalling $50,000 made to her by the corporation after his death. The corporation charged the $50,000 to an account in its books titled "surviving dependent allowances" and deducted the payments as ordinary and necessary business expense but the Internal Revenue Service, redetermining the corporation's taxable income for 1958, disallowed the deductions for that year on the ground that the payments to the widow were "gifts" and not "income" and were therefore not allowable as deductions.

Now, however, the Government contends, contrariwise, that the payments to the widow *were* "income" and *not* "gifts", opposing the widow's refund claims on the ground she properly paid federal income tax on the total $50,000 of payments received from the corporation.

A timely claim for refund having been duly filed in accordance with the law, jurisdiction and venue exist under Section 7422 of the Internal Revenue Code of 1954, as amended, 26 United States Code, Section 7422,[1] and 28 United

---

1. 26 U.S.C. § 7422(a)

"§ 7422. *Civil actions for refund*

"(a) *No suit prior to filing claim for refund.*—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

States Code, Sections 1346(a) (1),[2] and 1402(a) (1).[3]

The above-entitled matter having regularly come on for trial before the Court without a jury, trial by jury having been waived by both parties, and the Court having considered the evidence, both oral and documentary, and the arguments of counsel, both oral and written, now makes its findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

### 1.

This is an action for refund of income taxes paid by plaintiff to defendant for the years 1956, 1957 and 1958. Plaintiff is a citizen of the United States and resides in the County of Los Angeles, in the Central District of California.

### 2.

Plaintiff timely filed with defendant federal income tax returns for the calendar years 1956, 1957 and 1958. Plaintiff timely paid the taxes shown to be due on said returns.

### 3.

On April 4, 1960, plaintiff timely filed claims for refund of sums sued for herein, no portion of which has been refunded, and as to which no legal offsets or credits exist, as follows:

| Year | Amount of Claim | Refunded | Balance of Claim | Date of Notice of Disallowance |
|------|------|------|------|------|
| 1956 | $1,136.43 | $115.28 | $1,021.15 | April 12, 1967 |
| 1957 | 9,824.92 | | 9,824.92 | April 12, 1967 |
| 1958 | 1,444.00 | | 1,444.00 | none |

This action was filed more than six months after the claims for refund were filed and less than two years from the notices of disallowance.

### 4.

Plaintiff is the owner of the entire claims sued for herein.

### 5.

Plaintiff is the widow of Harry N. Falk who died October 9, 1956. At the time of his death, Harry N. Falk was Vice President and a Director of Baxter Laboratories, Inc.

### 6.

On October 26, 1956, the Board of Directors of Baxter Laboratories, Inc. was made up of the following persons: Dr. Ralph Falk, who was Harry N. Falk's brother; William B. Graham; Ralph Falk II, who was Harry N. Falk's nephew; John M. Knowlton; and Fred W. Marquart.

### 7.

On October 1, 1956, the officers of Baxter Laboratories, Inc. were: Dr. Ralph Falk, Chairman of the Board; William B. Graham, President; Harry

2. 28 U.S.C. § 1346(a) (1)
"§ 1346. *United States as defendant*
"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
"(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;"

3. 28 U.S.C. § 1402(a) (1)
"§ 1402. *United States as defendant*
"(a) Any civil action against the United States under subsection (a) of section 1346 of this title may be prosecuted only:
"(1) Except as provided in paragraph (2), in the judicial district where the plaintiff resides;"

N. Falk, Vice President; Ralph Falk II, Vice President; R. D. Hetterick, Vice President—Sales; John M. Knowlton, Secretary; Joseph E. Rau, Treasurer; William A. Heveran, Assistant Secretary.

8.

The minutes of Baxter Laboratories, Inc.'s Board of Directors reflect the following resolution on October 26, 1956:

"RESOLVED that in recognition of the services rendered to the Corporation since its founding in 1931 by Mr. Harry N. Falk, its late Vice President, and in conformity with the policy of this Corporation to make reasonable provision for the surviving dependents of its deceased officers and employees, although it is under no obligation so to do, this Board of Directors does hereby authorize and direct the Treasurer of this Corporation to pay monthly to Elizabeth M. Falk, the surviving wife of said Harry N. Falk, a sum equal to his last salary per month, said payments to continue to and through April 30, 1958."

9.

Harry N. Falk was a founder of Baxter Laboratories, Inc.

10.

Following Harry N. Falk's death, his widow, the plaintiff, received $50,000 from Baxter Laboratories, Inc. Plaintiff paid incomes taxes on this $50,000, a refund of which is sought in this action.

11.

Baxter Laboratories, Inc. charged the $50,000 to an account in its books entitled "surviving dependent allowances" and deducted said payments for federal income tax purposes. The Internal Revenue Service in redetermining the income of Baxter Laboratories, Inc. for 1958 disallowed the deduction taken for that year for the payments to Mrs. Falk on the ground that said payments are considered to be gifts and unallowable under Section 162 of the Internal Revenue Code.

12.

The decision of the Tax Court in the case of Estate of Arthur W. Hellstrom, Deceased, 24 T.C. 916, which was filed August 19, 1955 (Plaintiff's Exhibit 4) held that payments to a widow of a corporate employee were a gift. The Tax Court stated "we attach no particular significance to the fact that the corporation claimed deductions on its returns for the amount paid to petitioner. Nor do we attach any significance to the fact that the amount paid to her was the amount of salary her husband would have drawn had he lived . . ." The corporate resolution pursuant to which the payment was made in the Hellstrom case was as follows:

"RESOLVED, that in recognition of the services rendered to this corporation for many years by Arthur W. Hellstrom, its founder and late president, and in conformity with the policy of this corporation to make reasonable provision for the surviving dependents of its deceased officers and employees, although it is under no obligation so to do, this Board of Directors does hereby authorize and direct the Treasurer of this corporation to pay monthly to Selma M. Hellstrom, the surviving wife of said Aurthur (sic) W. Hellstrom, a sum equal to his last salary per month, said monthly salary to continue until this Board of Directors shall require the reduction or discontinuance of such payments."

13.

The controlling facts in the Hellstrom case are substantially the same as the controlling facts in this case.

14.

The Board of Directors of Baxter Laboratories, Inc. was in 1956 very tax conscious. It is apparent that the minutes of the meeting of October 26, 1956, were based on the resolution reported in the Hellstrom case, consistent with their intent to make a gift.

**15.**

The resolution of October 26, 1956 of the Board of Directors of Baxter Laboratories, Inc. reflects the intent of the Board to make a gift to plaintiff.

**16.**

The fact that Baxter Laboratories, Inc. deducted the $50,000 paid to plaintiff and the fact that the sum was measured by her husband's salary are immaterial in determining whether Baxter Laboratories, Inc. intended to make a gift to Mrs. Falk.

**17.**

To date, no widow other than Elizabeth M. Falk (plaintiff) and Marian C. Falk, the widow of Dr. Ralph Falk, has received any payments from Baxter Laboratories, Inc. upon the death of an employee.

**18.**

In 1956 Baxter Laboratories, Inc. had no plan, policy or custom of making any provision for the surviving dependents of its deceased officers or employees, and has to date had no such plan, policy or custom.

**19.**

Baxter Laboratories, Inc. had no obligation to make the payments in question or any part thereof to Mrs. Falk or anyone else.

**20.**

The intent of the Board of Directors of Baxter Laboratories, Inc. in making the payment of $50,000 to plaintiff was to make a gift to her. The testimony in this respect is uncontroverted. The gift proceeded from a detached and disinterested generosity, out of affection, respect, sympathy, admiration, and kindness.

**21.**

Baxter Laboratories, Inc. anticipated no economic benefit from these payments and derived no economic benefit therefrom. The payments had no business purpose. They were not calculated to and did not build employee morale or create any incentive to other employees or create any goodwill for the company. They were not publicized.

**22.**

Harry N. Falk was adequately compensated during his lifetime for his services. Plaintiff was never employed by Baxter Laboratories, Inc. No part of the $50,000 represented compensation for services.

**23.**

The $50,000 received by plaintiff from Baxter Laboratories, Inc. was a gift.

**24.**

Plaintiff overpaid her federal income taxes as follows: For 1956 the sum of $1,021.15 plus interest thereon as provided by law; for 1957 the sum of $9,824.92 plus interest thereon as provided by law; for 1958 the sum of $1,444.00 plus interest thereon as provided by law.

**25.**

Any conclusion of law which is deemed to be a finding of fact is hereby found as a fact.

### CONCLUSIONS OF LAW

**I**

This Court has jurisdiction of plaintiff and defendant and of the subject matter of this action.

**II**

The $50,000 received by plaintiff from Baxter Laboratories, Inc. after her husband's death was a gift which was excludable from income under Internal Revenue Code (1954) § 102. Bogardus v. Commissioner of Internal Revenue, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32 (1937), cited and reiterated in Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); Kuntz v. Commissioner of Internal Revenue, 300 F.2d 849, 95 A.L.R.2d 515 (6th Cir. 1962); Olsen v. Commissioner of Internal Revenue, 302 F.2d 671 (8th Cir. 1962), cert. den.; United States v. Reed, 277 F.2d 456 (6th Cir. 1960); United States v. Kasynski, 284 F.2d 143 (10th Cir. 1960); Green-

tree v. United States, 338 F.2d 946 (4th Cir. 1964); Estate of Arthur W. Hellstrom, Deceased, 24 T.C. 916 (1955).

## III

Defendant is indebted to plaintiff, and plaintiff is entitled to judgment as follows: For 1956 the sum of $1,021.15 plus interest thereon as provided by law from April 15, 1957; for 1957 the sum of $9,824.92 plus interest thereon as provided by law from April 15, 1958; for 1958 the sum of $1,444.00 plus interest thereon as provided by law from April 15, 1959; together with her costs to be taxed by the Clerk of the Court.

## IV

Any finding of fact which is deemed to be a conclusion of law is hereby concluded as a matter of law.

Let judgment be entered accordingly.