**Valerie E. PRATHER**

v.

**UNITED STATES of America.**

**No. CA 3–2320–C.**

United States District Court
N. D. Texas,
Dallas Division.

Feb. 5, 1969.

1324

Samuel G. Winstead with Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for plaintiff.

Martha Joe Stroud, Asst. U. S. Atty., Eldon B. Mahon, U. S. Atty., Dallas, Tex., for defendant.

## OPINION

TAYLOR, District Judge.

 This suit is but another in the long line of controversies between the IRS and the beneficiary of monies paid by a business on the death of one of its employees.[1] The issue is always the fact question of the transferor's intent, Bogardus v. Commissioner of Inter-

---

I. § 61. Gross income defined.

(a) General definition.—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

(1) Compensation for services, including fees, commissions, and similar items;
(2) Gross income derived from business;
(3) Gains derived from dealings in property;
(4) Interest;
(5) Rents;
(6) Royalties;
(7) Dividends;
(8) Alimony and separate maintenance payments;
(9) Annuities;
(10) Income from life insurance and endowment contracts;
(11) Pensions;
(12) Income from discharge of indebtedness;
(13) Distributive share of partnership gross income;
(14) Income in respect of a decedent; and
(15) Income from an interest in an estate or trust.

§ 102. Gifts and inheritances.

(a) General rule.—Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance.

(b) Income.—Subsection (a) shall not exclude from gross income—
(1) the income from any property referred to in subsection (a); or
(2) where the gift, bequest, devise, or inheritance is of income from property, the amount of such income.

Where, under the terms of the gift, bequest, devise, or inheritance, the payment, crediting, or distribution thereof is to be made at intervals, then, to the extent that it is paid or credited or to be distributed out of income from property, it shall be treated for purposes of paragraph (2) as a gift, bequest, devise, or inheritance of income from property. Any amount included in the gross income of a beneficiary under subchapter

nal Revenue, 302 U.S. 34, 43, 58 S.Ct. 61, 82 L.Ed. 32 (1937), and the conclusion as to whether the transfer amounts to a gift or compensation must be determined "on consideration of all the factors". Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 285–286, 288, 80 S.Ct. 1190, 1198, 4 L.Ed.2d 1218 (1960).[2] Justices Brandeis, Stone, Cardozo, and Black expressed it as follows:

> What controls is not the presence or absence of consideration. What controls is the intention with which payment, however voluntary, has been made. Has it been made with the intention that services rendered in the past shall be requited more completely, though full acquittance has been given? If so, it bears a tax. Has it been made to show good will, esteem, or kindliness toward persons who happen to have served, but who are paid without thought to make requital for the service? If so, it is exempt.

Bogardus v. Commissioner of Internal Revenue, supra, 302 U.S. at 45, 58 S.Ct. at 66 (dissenting opinion). Cf. Commissioner of Internal Revenue v. Duberstein, supra, 363 U.S. at 286, 80 S.Ct. 1190.

Hugh E. Prather, husband of plaintiff Valerie Prather, was president and full-time manager of Flippen-Prather Stores, Inc. at the time of his death on January 11, 1959. He had held this post for many years and received an annual $20,000 salary, with $2000–$4000

bonuses declared at the end of most years.[3]

Immediately following Mr. Prather's death, a directors' meeting was held on February 6, 1959. At that time, the plaintiff, Valerie E. Prather, was elected a vice-president and voted a salary of $6000 per year, and John A. Prather, Hugh's son, was elected president at a salary of $15,000 per year. In addition, the following motion was made by John N. Jackson and adopted by the company:

> Remembering the long and faithful service of Mr. Hugh E. Prather, Sr. in the building of this company and desiring to honor him and also to make a substantial contribution to his estate, on motion made by John Jackson, seconded by Hugh E. Prather, Jr., and duly carried, Hugh E. Prather's Estate was voted a bonus of $40,000, payable within the next ten years at the rate of $4000 annually.

Mr. Prather had introduced a similar resolution in March, 1958 when Mr. Flippen died.

> That the Board of Directors of the Flippen-Prather Stores, Inc. remembering the long and faithful service of Mr. Edgar L. Flippen in the building of this company, and desiring to honor him and also to make a substantial contribution to his estate, does hereby declare a bonus of $20,000 to be paid in cash to his estate at the rate of $2000 per annum for ten consecutive years, * * *.

The $40,000 amount paid the Prather estate was determined by the fact that

J shall be treated for purposes of paragraph (2) as a gift, bequest, devise, or inheritance of income from property. Aug. 16, 1954, c. 736, 68A Stat. 28.

2. *Bogardus* held that the resolution of the gift v. compensation conflict was a conclusion of law or at least a mixed question of law and fact. As such, the Court held that the appellate court could substitute its judgment. The dissenters argued this resolution was of a factual nature, and with this the *Duberstein* Court agreed. Thus, the rift between the justices goes to the issue of scope of review. Both the *Bogardus* and the *Du-*

*berstein* Courts are consistent with regard to the method and considerations to be used in making the final determination between gift and compensation.

3. At his death Hugh E. Prather owned directly 14.445% of the corporate stock and $73,300 of its 20-year, 4 percent debentures ($65,300 as his separate property and $8000 as community property). At this time Valerie Prather owned $55,100 of these debentures as her separate property. The corporation had in excess of $550,000 of these debentures outstanding.

Mr. Prather devoted approximately twice the time and earned approximately twice the salary of Mr. Flippen. Thus, since they had accepted $20,000 as an appropriate payment to the Flippen estate, the directors decided that twice the amount of $20,000, or $40,000, was proper.

It was understood that the payments were to be made to the Prather estate subject to the ability of Mrs. Prather to draw them out as they were received. It was further understood that the payments were to be made to the Prather estate notwithstanding the possibility that Valerie Prather might die before the expiration of the ten-year payout term.

The actual amounts paid were $4000 in the years 1962, 1963, and 1964 and $15,500 in 1965. The sale of the company to a third party caused the accelerated payment in 1965. Flippen-Prather Stores, Inc. deducted these payments which are the subject of this action as business expenses on its federal income tax returns for the appropriate years. The payments were made on vouchers marked "Bonus Expenses" and "Balance due on Bonus Payable". Unpaid amounts were carried on the company books as a liability.

Armed with the above facts, plus a subsequent resolution [4] by the Board of Directors paying $5000 to the John Prather estate on his death in 1965, the Commissioner characterized the subject payments as "compensation" and assessed plaintiff $18,683.23 in back taxes and interest. The government urges us to affirm their determination and deny Valerie Prather's claim for refund of the sum paid plus interest from the date of payment, July 12, 1967.

This Court recognizes that while no one criterion is a legal principle, several considerations when grouped and placed into the broad factual background of the individual suit may well lend insight to the ultimate factual resolution—gift or compensation. The government in Duberstein urged that when several propositions [5] of the case were grouped, a result of "compensation" was demanded. However, Justice Brennan noted

We think, to the extent they are correct, that these propositions are not principles of law but rather maxims of experience that the tribunals which have tried the facts of cases in this area have enunciated in explaining their factual determinations. Some of them simply represent truisms * * *. Others are overstatements of possible evidentiary inferences relevant to a factual determination on the totality of circumstances in the case * * *. The conclusion whether a transfer amounts to a 'gift' is one that must be reached on consideration of all the factors. Commissioner of Internal Revenue v. Duberstein, supra, at 287–288, 80 S.Ct. at 1198.

Within the pervasive meaning of Justice Brennan's remarks, Valerie Prather's claim is denied.

■ Several factors influence the Court in characterizing the subject funds as compensation. A principal factor was the total lack of concern for Mrs. Prather's needs in deciding on the amount to be paid. See, Tomlinson v. Hine, 329 F.2d 462 (5 Cir. 1964); Poyner v. Commissioner of Internal Revenue, 301 F.2d 287 (4 Cir. 1962); Simpson v. United States, 261 F.2d 497 (7 Cir. 1958), cert. den. 359 U.S. 944, 79 S.Ct. 724, 3 L.Ed.

4. RESOLVED, that in recognition of the valuable services rendered to this Corporation by its late President, John A. Prather, the Board of Directors hereby authorize and direct that the sum of $5,000 be paid to his widow, Mrs. Billie Allen Prather, as soon as reasonably possible after this date. The Board also expresses its deep sympathy and regret for this untimely death and loss to the company.

5. " * * * That payments by an employer to an employee, even though voluntary, ought, by and large, to be taxable; that the concept of a gift is inconsistent with a payment's being a deductible expense; that a gift involves 'personal' elements; that a business corporation cannot properly make a gift of its assets." Commissioner of Internal Revenue v. Duberstein, supra, 363 U.S. at 287, 80 S.Ct. at 1197.

2d 677; Fisher v. United States, 129 F.Supp. 759, 761 (D.Mass.1955). Rather the amount was determined upon the fact that the deceased had devoted approximately twice the time and earned approximately twice the salary of Mr. Flippen whose estate had received $20,000 from the Board of Directors but one year earlier. Coincidentally, the $40,000 payment with its 10-year payout closely parallels the decedent's $2000–$4000 annual bonuses. The $40,000 payment is also twice the decedent's annual salary. Although the above comments as regards the $40,000 figure are mostly speculative in nature, they do give rise to an inference that the payment may possibly have been computed in terms of decedent's salary. Cf. Gaugler v. United States, 312 F.2d 681 (2 Cir. 1963); Bausch's Estate v. Commissioner of Internal Revenue, 186 F.2d 313 (2 Cir. 1951); and Poorman v. Commissioner of Internal Revenue, 131 F.2d 946, 949 (9 Cir. 1942).

■ In conjunction with the lack of concern about Mrs. Prather and the ultimate $40,000 figure is the fact that similar payments, although smaller, were made to the estates of Edgar Flippen the year before and John Prather in 1965. These facts when consolidated could infer that such payments were possibly made from a moral duty. If so, such a payment would not be a gift. Bogardus v. Commissioner of Internal Revenue, supra, 302 U.S. at 41, 58 S.Ct. 61, and Commissioner of Internal Revenue v. Duberstein, supra, 363 U.S. at 285, 80 S.Ct. 1190. In addition, the three payments as made would tend to indicate a pattern or plan to make such payments to the estates of deceased chief executives. Cf. Tomlinson v. Hine, supra; Gaugler v. United States, supra; Poyner v. Commissioner of Internal Revenue, supra; and Simpson v. United States, supra.

The Court must also recognize that Flippen-Prather Stores, Inc. is a closed corporation and such a situation often causes the stockholders to try devising ways to take money out of the corporation while avoiding double taxation. If this payment here in question were characterized as a "gift", the shareholder-recipient, Mrs. Prather, would have the best of all worlds, i. e., income taxed at corporate rates, distribution to a shareholder free from taxation to the shareholder, and a business expense for the corporation. Even the usual gift tax imposed on the donor for such a transfer is transformed into a deduction.

■ While not controlling, the donor's characterization of the payment is relevant. Commissioner of Internal Revenue v. Duberstein, supra, at 286, 80 S.Ct. 1190 and Gaugler v. United States, supra, 312 F.2d at 685. Here the donor characterized the payment as a "bonus" —one form of compensation. The Court in Estate of Kuntz v. Commissioner of Internal Revenue, 300 F.2d 849, 95 A.L.R.2d 515 (6 Cir. 1962), found there was a gift even though the corporate resolution read "additional compensation". Unlike *Kuntz*, however, the case at bar fails to manifest other external factors which would indicate something other than the usual business meaning of the donor's characterization—"bonus".

Although the above maxims of experience do not necessarily require a finding of compensation, they do indicate such is the case when considered together. More important is that the taxpayer has not carried the burden of proof by convincing the Court to the contrary. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933); Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623 (1934); Gibbs v. Tomlinson, 362 F.2d 394 (5 Cir. 1966); Gaugler v. United States, supra 312 F. 2d at 684; Stanton v. United States, 268 F.2d 727, 729 (2 Cir. 1959), rev'd on other grounds, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

Judgment for defendant.