### Lucile McCrea EVANS, Petitioner-Appellant,

### v.

### COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

### No. 15373.

United States Court of Appeals
Sixth Circuit.

April 10, 1964.

William W. Berry, Nashville, Tenn. (Cecil Sims, Nashville, Tenn., on the brief; Bass, Berry & Sims, Nashville, Tenn., of counsel), for petitioner.

Timothy Dyk, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Giora Ben-Horin, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before MILLER, CECIL and EDWARDS, Circuit Judges.

PER CURIAM.

On July 29, 1955, the Board of Directors of the Tennessean Newspapers, Inc., which publishes the "Nashville Tennessean," adopted a resolution calling for the payment to petitioner-appellant, Lucile McCrea Evans, of monthly sums of $2,500 for two years, or a total of $60,000. The resolution recited that the payments were "intended as gifts."

Mrs. Evans is the widow of Silliman Evans, Sr., the former publisher of the "Tennessean," and majority stockholder of the Tennessean Newspapers, Inc. She was the principal beneficiary under the Silliman Evans, Sr., will. She was also elected president of the corporation concerned at a salary of $10,000 a year, and she acted as Chairman of the Board of Directors at the meeting which adopted the resolution referred to. The resolution was drafted by and at the suggestion of a member of the Board of Directors, who was also treasurer and accountant for the corporation, and tax advisor for the corporation and for Mrs. Evans.

The sums paid were disclosed by Mrs. Evans in her income tax reports for the years 1955, 1956 and 1957, but they were not listed as taxable income on the contention that they were gifts, and, hence, excludable under 1954 I.R.C., Sec. 102.[1]

The Commissioner of Internal Revenue on administrative review determined that these payments were not gifts within the meaning of Sec. 102, but were "death benefits" under the provisions of 1954 I.R.C., Sec. 101.[2] Hence, after giving effect to the $5,000 limitation on such benefits contained in Sec. 101, he determined tax deficiencies for the years 1955 through 1957 of $3,392.79, $17,239.67 and $9,398.74, respectively.

Appellant petitioned the Tax Court for a redetermination of the deficiencies assessed. After trial of the issues before Judge Atkins in Nashville, Tennessee, the Tax Court, in an opinion by Judge Atkins (one judge dissenting), relied principally upon Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed. 2d 1218 (1960), and found:

"Under the Supreme Court's decision, a transfer, in order to qualify as a gift in the statutory sense, must proceed from a detached and disinterested generosity, out of affection, respect, admiration, charity or like impulses.

"Upon careful consideration of the record as a whole, including the evidence showing the control which the petitioner had over the corporation, we think that the payments in question did not proceed from such a detached and disinterested generosity, and that they do not qualify as gifts under the statute.

"The fact that the resolution of the board of directors stated that the payments were intended as gifts is not conclusive, since the Supreme Court has made it clear that the transferor's characterization of his action is not determinative. * * *"

The Tax Court approved the Commissioner's determination of tax deficiencies.

On appeal to this court we are asked to hold that the record before the Tax Court does not constitute legal support for the court's finding that the payments were not gifts within the meaning of 1954 I.R.C., Sec. 102.

■ In the leading case on this topic, the United States Supreme Court stated that "primary weight in this area must be given to the conclusions of the trier of fact." Duberstein, supra, 363 U.S. at 289, 80 S.Ct. at 1199, 4 L.Ed.2d 1218; and whereas here "the trial has been by a judge without a jury, the judge's findings must stand unless 'clearly erroneous,' Fed.Rules Civ.Proc. 52(a)." Duberstein, supra, 363 U.S. at 291, 80 S.Ct. at 1200, 4 L.Ed.2d 1218.

The Tax Court's findings of fact and opinion are set forth in full in 39 T.C.

1. "§ 102. *Gifts and inheritances*
"(a) General rule.—Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance."
2. "§ 101. *Certain death benefits* * * *
"(b) Employees' death benefits.—
"(1) General rule.—Gross income does not include amounts received (whether in a single sum or otherwise) by the beneficiaries or the estate of an employee, if such amounts are paid by or on behalf of an employer and are paid by reason of the death of the employee.
"(2) Special rules for paragraph (1).—
"(A) $5,000 limitation.—The aggregate amounts excludable under paragraph (1) with respect to the death of any employee shall not exceed $5,000."

570. The extent of Silliman Evans, Sr.'s, services to and relationship with the Tennessean Newspapers, Inc., the amount of control over this enterprise of Mrs. Evans and her sons after decedent's death, the extent of provision for her security made in decedent's will, and the role played by the corporation's accountant in suggesting and drafting the "gift" resolution are all set forth in detail, which we do not need to repeat. In all of these factual areas the present case is clearly distinguishable from Kuntz's Estate v. Commissioner of Internal Revenue, 300 F.2d 849 (C.A. 6, 1962), upon which appellant primarily depends.

Simply put, our review of this record does not serve to convince us that the basic finding of fact contained therein, and which we have quoted above, is "clearly erroneous."

For the reasons stated herein, and in the opinion of the Tax Court in this case, 39 T.C. 570, with which we agree, the judgment appealed from is affirmed.