Janet W. FRITZEL, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 14656.

United States Court of Appeals Seventh Circuit.

Nov. 25, 1964.

Rehearing Denied Jan. 19, 1965.

Louis F. Oberdorfer, Asst. Atty. Gen., Robert J. Golten, Atty., Dept. of Justice, Washington, D. C., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., Lee A. Jackson and Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., for defendant-appellant.

Lloyd S. Kupferberg, Edward A. Cooper and Ira S. Kolb, Chicago, Ill., for plaintiff-appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

United States of America, defendant, has appealed from a judgment of the district court for $20,113.37 plus interest and costs, in favor of Janet W. Fritzel, plaintiff, and against defendant.

From a stipulation of the parties and evidence received, the district court made findings of fact.

It appears that M. J. Fritzel, a Chicago restaurateur, had been treasurer and a director of Don Beachcomber, Inc. since its inception. He died on September 28, 1956, after having given the corporation 16 years of "good service". At the time of his death he was earning $1,400 a month. There was no back pay owing him.

The remaining directors met shortly after Mr. Fritzel's death and voted to pay his widow, plaintiff here, $1,400 a month for two years. Their resolution recited:

"Whereas, M. J. Fritzel died on September 28, 1956 leaving a widow surviving; and

"Whereas, M. J. Fritzel was an employee of the Company at the time of his death, having served this corporation in the office of Treasurer since its organization; and

"Whereas, he was also a director since the founding of this corporation; and

"Whereas, the widow of M. J. Fritzel is one of the prime beneficiaries under the terms of his Last Will and Testament,

"Now, Therefore, Be It Resolved, that in recognition of the services rendered by M. J. Fritzel to this corporation, the officers of this corporation be and they hereby are authorized and directed to pay a sum of $1,400.00 monthly to Mrs. M. J. Fritzel for a period of two years from November 1, 1956 as an employee's death benefit by reason of the death of M. J. Fritzel."

Accordingly, plaintiff was paid $19,600 in 1957, and $14,000 in 1958. She treated these payments as nontaxable gifts. The Commissioner disagreed, claimed that they were includible as income, and asserted deficiencies of $9,749.54 for 1957 and $7,042.45 for 1958. Plaintiff paid the deficiencies and sued in the district court for a refund.

The testimony of two of the three surviving directors, M. J. Jacobson and Mitchell Frug, was presented. Jacobson testified that the directors felt that Fritzel was entitled to a death benefit equal to two years' salary for the 16 years of service he gave to the corporation, that they also weighed the favorable effect that the payment would have on company morale, that the directors were not concerned with plaintiff's needs, and that kindness had nothing to do with making the payment. Frug stated that the directors were not informed of and did not consider her financial circumstances, that he did not think "there was any need" on her part, that generosity toward her was not a factor in passing the resolution, that the directors felt a moral obli-

gation to further compensate the decedent for his valuable service, particularly since he was only a minor participant in a recently-established profit-sharing plan and was not at all a beneficiary of their new insurance program, and that the directors were also cognizant of the incentive effect that the payment would have on the other corporate officers and employees.

Plaintiff testified that she was a friend of Jacobson, that she was never employed by Don Beachcomber, Inc., that the company did not owe her any money, that it had no obligation whatsoever to give her any money, that no withholding taxes or social security taxes were taken from the payments which were given to her.

Fritzel was the first officer to die. The corporation had made some benefit payments to the heirs of other employees and had helped other employees with additional sick pay. There was no formalized plan or program for making these benefits available. The corporation was under no contractual obligation to make the payments in question to plaintiff.

The corporation treated the payments on its books and records as a "retirement benefit payment to a former employee".

The district court concluded that the payments to plaintiff constituted excludible gifts, in that it found that they "were intended as benevolent acts and were given as an expression of gratitude, sympathy, affection and kindness out of a detached generosity to plaintiff" and "did not constitute additional compensation for services rendered by M. J. Fritzel." These findings are clearly erroneous.

It seems apparent to us that the dominant purpose in making the payment to plaintiff was to express gratitude for services rendered by her husband, without regard to any feelings for, or the needs of, his widow. We recognized in Simpson v. United States, 7 Cir., 261 F.2d 497, 501 (1958), cert. den. 359 U.S. 944, 79 S.Ct. 724, 3 L.Ed.2d 677, that a bonus to a widow qualifies as a gift only where it was intended to help the widow and was "measured in the light of the needs of the widow". Subsequently, in Commissioner v. Duberstein, 363 U.S. 278, 285, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960), the court recognized that, for such a payment to be treated as a gift, it must proceed "from a 'detached and disinterested generosity'". Conversely, Duberstein is clear in holding that, if the payment is made "in return for services rendered" or from "the incentive of anticipated benefit", it is not a gift, although of a voluntary nature. Cases subsequent to Duberstein emphasize that where the dominant purpose in making the payment is to recognize or express gratitude for the service rendered by the deceased without regard to feelings for, or the needs of, the widow, gift treatment is denied.

A well-considered case is Tomlinson v. Hine, 5 Cir., 329 F.2d 462 (1964), where a district court's judgment was reversed and the cause remanded only for the purpose of entering judgment for the United States. There, as here, a widow of a deceased employee of a corporation was paid $10,000 by the corporation. This amount was taxed by the government as income to the widow. She paid the tax, filed a claim for refund and brought suit for recovery. She was successful in the district court which made findings of fact, including one finding that the corporation intended the payment as a gift to the widow.

The court of appeals relied upon Duberstein and Simpson in its reversal and remandment.

For these reasons, the judgment of the district court is reversed.

Judgment reversed.