Estate of John H. Capehart, a Minor, H. Earl Capehart, Jr., Co-guardian, et al. [1] v. Commissioner. Estate of Capehart v. Commissioner
Docket Nos. 1898-67 - 1901-67.
United States Tax Court
T.C. Memo 1968-204; 1968 Tax Ct. Memo LEXIS 95; 27 T.C.M. (CCH) 998; T.C.M. (RIA) 68204; September 17, 1968. Filed Robert E. Jhnson, Union Bldg., Indianapolis, Ind., and Nicholas D. Chabraja, for the petitioners. George P. Adinamis, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined the following income tax deficiencies against the petitioners for the year 1960: Petitioner
Docket No.
Deficiency
Estate of John H. Capehart, a Minor, H. Earl Capehart, Jr., Co-Guardian
1898-67
$293
Estate of Thomas C. Capehart, a Minor, H. Earl Capehart, Jr., Co-Guardian
1899-67
293
Estate of Mary A. Capehart, a Minor, H. Earl Capehart, Jr., Co-Guardian
1900-67
293
Estate of Lucy E. Capehart, a Minor, H. Earl Capehart, Jr., Co-Guardian
1901-67
293
*96 The only issue presented is whether the amount of $1,625 received by each minor child from the estate of Thomas C. Capehart, resulting from a distribution to them of $6,500 paid to their father's estate by Enterprise Industries, Inc., should be treated as taxable income or as a gift. Findings of Fact Some of the facts have been stipulated by the parties and are found accordingly. John H. Capehart, Thomas C. Capehart, Jr., Mary A. Capehart and Lucy E. Capehart are the four minor children of Thomas C. Capehart, deceased, and Nancy S. Capehart, deceased, and will sometimes be referred to herein as the "children" or as the "petitioners." The Indiana National Bank of Indianapolis and H. Earl Capehart, Jr., are co-guardians for the children. The legal residence of all petitioners was Indianapolis, Indiana, at the time the petitions were filed in these proceedings. Original and amended Federal income tax returns for the year 1960 for each child were filed on his behalf by the Indiana National Bank of Indianapolis with the district director of internal revenue at Indianapolis, Indiana. Thomas C. and Nancy S. Capehart, the parents of the children, were killed in an airplane crash *97 at Montego Bay, Jamaica, on January 21, 1960. The four children then ranged from 2 to 8 years of age. At the time of his death Thomas C. Capehart was the president and a director of Packard Manufacturing Corporation, an Indiana corporation. On February 16, 1960, the corporate name was changed to Enterprise Industries, Inc., and H. Earl Capehart, Jr., the brother of Thomas C. Capehart, was elected its president. At the time of Thomas C. Capehart's death Packard Manufacturing Corporation had a contract, dated July 1, 1952, obligating it to pay a lump sum death benefit of $5,000. In March 1960 the $5,000 death benefit was paid to the co-guardians of the minor children in accordance with the provisions of the contract. The minutes of a special meeting of Packard's board of directors held on 999 February 15, 1960, contain the following pertinent statements: A special meeting of the Board of Directors of Packard Manufacturing Corp. was held at the office of the company at Indianapolis, Indiana, 706 E. Market Street, at 11:00 o'clock A.M. on February 15, 1960. The following directors were present in person: Homer E. Capehart H. E. Capehart, Jr. A. D. Kennedy Irma V. *98 Capehart The minutes of the last meeting of the Board of Directors were read in full and approved as read. Homer E. Capehart acted as Chairman of the meeting, and H. E. Capehart, Jr. acted as Secretary. The Chairman pointed out that there was certain business to come before the meeting because of the tragic accident on January 21, 1960, of Thomas C. Capehart, the President of the Corporation and a member of the Board of Directors. * * * The Chairman also stated to the meeting that actions should be taken with respect to the payment to the estate of Thomas C. Capehart of a continuance of his salary for a certain period of time in consideration of the long and faithful service that he had rendered to this Corporation, but that such action could be better put off until a later date. However, the Chairman pointed out that the Corporation has a contract with Thomas C. Capehart obligating it to pay a lump sum death benefit in the amount of Five Thousand Dollars ($5,000.00) and that such death benefit as provided by contract should be authorized at this time. Thereupon, upon motion duly made and seconded, the following resolution was unanimously adopted: RESOLVED, that the death benefit *99 provided by contract to be paid to the estate of Thomas C. Capehart be authorized for payment at this time. The minutes of a special meeting of the board of directors of Enterprise Industries held on May 27, 1960, read, in pertinent part, as follows: A special meeting of the Board of Directors of Enterprise Industries, Inc. was held at the office of the Corporation at 706 E. Market Street, Indianapolis, Indiana, at 11:00 o'clock A.M. on Friday, May 27, 1960. The following directors were present in person: Homer E. Capehart H. E. Capehart, Jr. A. D. Kennedy Irma V. Capehart Homer E. Capehart acted as Chairman of the meeting and A. D. Kennedy acted as Secretary. The Secretary announced that all of the directors were present in person and the meeting was open for the conduct of business. The minutes of the last meeting were read in full and approved as read. The first business to come before the meeting concerned the matter of payment of additional salary to the heirs of Thomas C. Capehart in consideration of his long and faithful service to the Corporation. Thereupon, upon motion duly made and seconded, the following resolution was unanimously adopted: RESOLVED, *100 that the Corporation pay to the estate of Thomas C. Capehart, Deceased, as a death benefit in consideration of his long and faithful service to the Corporation a sum equal to six months salary at his current rate at the time of his death and that such sum be paid immediately. There being no further business to come before the meeting, the same was duly adjourned. On May 27, 1960, Enterprise Industries paid $6,500 to the estate of Thomas C. Capehart, deceased, which was distributed equally among each of the four minor children. The United States Corporation Income Tax Return (Form 1120) of Enterprise Industries, Inc., for the fiscal year ended May 31, 1960, reflects under "Other Deductions" a deduction of $11,500 for "death benefit and honorarium paid to the estate of deceased corporate president, Thomas C. Capehart." On August 17, 1960, the district director of internal revenue, Indianapolis, Indiana, received from Enterprise Industries, Inc., an "Application For Tentative Carryback Adjustment" (Form 1139) signed by H. E. Capehart, Jr. This application requested the allowance of a net operating loss carryback from the fiscal year ended May 31, 1960, to the fiscal year ended *101 May 31, 1957, and the reduction of the tax previously determined for the fiscal year ended May 31, 1957, in the amount of $6,027.69. A Notice of Allowance of Tentative Carryback Adjustment (Form 7780-B) was issued to Enterprise Industries, Inc., by the respondent authorizing the refund of an 1000 overpayment in tax in the amount of $6,027.69 and interest thereon in the amount of $63.25. The adjustment reflects the allowance of a net operating loss carryback from fiscal year ended May 31, 1960, to the fiscal year ended May 31, 1957. Thomas C. Capehart had approximately $100,000 in life insurance, a home, and owned stock in the Packard Manufacturing Corporation at the time of his death. His estate amounted to approximately $240,000. In addition, there was a subsequent recovery for the children as a result of a wrongful death action against the airline. On July 16, 1962, at a meeting with H. Earl Capehart, Jr., at his office, revenue agent Elson Clayton was shown a corporate voucher form which reflected a payment on May 27, 1960, in the amount of $6,500 to H. Earl Capehart, Jr., Administrator. The lower part of this voucher contained the explanation that the payment was six *102 months salary as per board of directors for Thomas C. Capehart. Each notice of deficiency issued by respondent contained the following explanation of the tax adjustment: It is determined that $1,625.00 which you received from the Estate of Thomas C. Capehart, H. Earl Capehart, Jr., Administrator, is includable in your gross income. It is further determined that none of the aforesaid amount of $1,625.00 is excludable from your gross income under section 102, or any other section, of the Internal Revenue Code. Opinion Petitioners contend that the amount of $1,625 received by each child from his father's estate should be treated as a gift under section 102(a), Internal Revenue Code of 1954. [2] They argue that the dominant motive for the payment by Enterprise Industries to the estate of Thomas C. Capehart was to make a gift for the benefit of the children. Respondent, on the other hand, contends that the payment was made by the corporation to its deceased president's estate as additional compensation for past services and, therefore, constitutes taxable income under section 61(a) to his children who received equal distributions of the money from his estate. *103 Whether a payment of this type is an excludable gift or taxable income is a factual question to be resolved on the basis of all the surrounding facts and circumstances. Commissioner v. Duberstein, 363 U.S. 278 (1960). The most "critical consideration" is the intention of the corporation in making the payment. See Gaugler v. United States, 312 F. 2d 681 (C.A. 2, 1963); Smith v. Commissioner, 305 F. 2d 778 (C.A. 3, 196 ), affirming a Memo-randum Opinion of this Court; Tomlinson v. Hine, 329 F. 2d 462 (C.A. 5, 1964); and Margaret H. D. Penick, 37 T.C. 999 (1962). Other basic principles mentioned by the Supreme Court in Duberstein are: 1. The fact that a transfer is made without consideration does not necessarily mean that it is a gift. 2. If the payments proceed primarily from the impulsion of a moral or legal duty or from the incentive of anticipated economic benefit they are not gifts. 3. A true gift proceeds from a "detached and disinterested generosity" or out of feeling of "affection, respect, admiration, charity, *104 or like impulses." 4. The way in which the parties characterize the transaction is not determinative of its real nature. On the facts herein we agree with respondent that the dominant reason for making the $6,500 payment was to further compensate Thomas C. Capehart for the past services rendered to the corporation. The contemporaneous documentary evidence clearly supports this conclusion. Both corporate resolutions plainly state that the $6,500 payment was "a continuance of his salary for a certain period of time in consideration of the long and faithful service" that Thomas C. Capehart rendered to the corporation. Obviously the directors of this closely held corporation felt a moral duty to make an additional payment of compensation to their deceased president. The corporate voucher which authorized the payment stated that it was the equivalent of salary for six months. There is no indication in the corporate resolutions that the children were in any way considered by the directors of the corporation before they voted the $6,500 to the estate of Thomas C. Capehart. The corporation claimed a deduction on its Federal income tax return for the 1001 amount paid and received *105 the benefit of the deduction. Such action strongly negates any corporate intent to make a gift. Simpson v. United States, 261 F. 2d 497 (C.A. 7, 1958); Helen Rich Findlay, 39 T.C. 580 (1962), reversed on another issue 332 F. 2d 620 (C.A. 2, 1964). It also indicates that the payment may have been motivated by the incentive of an anticipated benefit of an economic nature. Estate of Edward Bausch, 14 T.C. 1433 (1950), affd. 186 F. 2d 313 (C.A. 2, 1951). There is no persuasive evidence to show that the corporation considered the financial needs of the children or that they had financial needs which the payment alleviated. See Fritzel v. United States, 339 F. 2d 995, 997 (C.A. 7, 1964); Roy I. Martin, 36 T.C. 556, 559 (1961), affd. 305 F. 2d 290 (C.A. 3, 1962); and Margaret H. D. Penick, supra at p. 1005. H. Earl Capehart, Jr., administrator of the estate of Thomas C. Capehart and co-guardian of the minor children, and the principal witness for petitioners, testified that the gross estate of Thomas C. Capehart was about $240,000. The children were the only beneficiaries. *106 Thus it is clear that the children were in a good financial position rather than a condition of financial need. Capehart acknowledged that there was no urgency in getting money out of the estate to the children at the time of payment. Petitioners argue that the intention of the board of directors of Enterprise Industries was to make a gift to the children because the corporation did not withhold income or social security taxes from the $6,500. There is no merit to this argument. Death benefit payments are not wages for the purposes of the withholding and social security tax laws. Rev. Rul. 59-64, 1959-1 C.B. 31. Moreover, there is no evidence that the corporation withheld such taxes from the salary of Thomas C. Capehart for prior periods. Petitioners have failed to sustain their burden of proving that the primary corporate intent in making the payment to the estate of Thomas C. Capehart was donative in nature. This record fails to establish a "detached and disinterested generosity." Cf. Lucile McCrea Evans, 39 T.C. 570 (1962), affd. 330 F. 2d 518 (C.A. 6, 1964). Consequently, we hold that the amounts received by the petitioners constitute *107 taxable income. Decisions will be entered for the respondent. Footnotes
1. Cases of the following petitioners are consolidated herewith: Estate of Thomas C. Capehart, a Minor, H. Earl Capehart, Jr., Co-Guardian, docket No. 1899-67; Estate of Mary A. Capehart, a Minor, H. Earl Capehart, Jr., Co-Guardian, docket No. 1900-67; and Estate of Lucy E. Capehart, a Minor, H. Earl Capehart, Jr., Co-Guardian, docket No. 1901-67.↩
2. All section references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩